# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-2612

_____

| | | |
|---|---|---|
| Ray McCaslin; Pauletta Childress, as Co-Administrators of the Estate of Kendall Ray McCaslin, Deceased, | * * * * * | |
| Appellees, | * * | |
| v. | * * | Appeal from the United States District Court for the Western District of Arkansas. |
| Chad Wilkins, Individually and in his Capacity as Alma Police Officer, | * * * | |
| Appellant, | * * | |
| Russell White, Individually and as Police Chief, City of Alma, | * * * | |
| Defendant, | * * | |
| City of Alma, Arkansas, | * * | |
| Appellant. | * * | |

_____

Submitted: March 12, 1999
Filed: July 7, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and PERRY,[1] District Judge.

_____

HANSEN, Circuit Judge.

Ray McCaslin and Pauletta Childress are the parents of the late Kendall Ray McCaslin. Kendall was shot and killed after a high-speed police chase near Alma, Arkansas. McCaslin's parents, as co-administrators of Kendall McCaslin's estate, brought this 42 U.S.C. § 1983 action against Alma Police Officer Chad Wilkins, Alma Police Chief Russell White, and the City of Alma. McCaslin's parents allege that Officer Wilkins used deadly force in violation of their son's rights under the Fourth and Fourteenth Amendments to the United States Constitution. McCaslin's parents also allege supplemental state law claims for wrongful death, negligence, and the tort of outrage. The defendants moved for summary judgment on each claim. The district court[2] dismissed the claims against the police officers in their official capacities and granted qualified immunity to Chief White. The district court denied summary judgment on Officer Wilkins' request for qualified immunity, thereby allowing the suit to proceed against the City of Alma and Officer Wilkins in his individual capacity. Officer Wilkins and the City of Alma appeal. For the reasons explained below, we affirm those portions of the district court's order over which we have jurisdiction.

_____

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

2

I.

Kendall McCaslin had been drinking on November 23, 1996. While McCaslin was driving his father's pickup truck that evening, Officer Wilkins observed McCaslin swerve across the centerline of U.S. Highway 71. Officer Wilkins activated his emergency lights and pursued McCaslin who refused to pull off the road. Additional officers joined in the chase, which occasionally exceeded speeds of 100 miles per hour. The officers attempted to stop McCaslin's vehicle several times, but each time McCaslin resisted the officers' efforts and evaded capture. Crawford County Deputy Sheriff Daymon Blount eventually took the lead in the chase and attempted to box in McCaslin behind a semi-tractor. McCaslin's truck collided with Deputy Blount's squad car, causing both vehicles to slide into the median. After the cars came to a rest, Deputy Blount ordered McCaslin to exit the truck but McCaslin refused to comply. Another deputy tried to physically remove McCaslin, but McCaslin placed the truck in gear and drove away. Deputy Blount fired several shots in an unsuccessful attempt to flatten McCaslin's tires.

Officer Wilkins and other police officials resumed the chase. McCaslin eventually swerved off the road, sliding over an embankment and down into a ditch. The officers contend that although McCaslin slid down the hill, his truck was facing uphill when it reached the bottom. According to the officers, McCaslin then drove back up the hill at them, forcing them to protect themselves by firing several shots. One of the shots fired by Officer Wilkins is claimed to have struck and killed McCaslin. Medical evidence shows that McCaslin's blood alcohol level far exceeded Arkansas's legal limit at the time of his death.

Michael and Debi Peters witnessed the last part of the chase, and saw McCaslin's truck drive off the road. They submitted affidavits disputing certain aspects of the officers' version of what transpired. According to Michael and Debi Peters, the gunshots began almost immediately after McCaslin's truck left the road. Additionally,

3

Michael Peters' affidavit states that he returned to the scene the next day, and saw only one set of tracks heading down the embankment, and no indication that McCaslin's truck had turned around and started back up the hill toward the roadway.

McCaslin's parents filed suit claiming that Officer Wilkins, Police Chief White, and the City of Alma violated Kendall McCaslin's Fourth Amendment rights. They also alleged various state tort law violations. The defendants moved for summary judgment, contending that they did not violate McCaslin's constitutional rights. Additionally, Officer Wilkins and Chief White claimed protection from individual liability under the doctrine of qualified immunity. The district court granted summary judgment in favor of Chief White individually but denied the remainder of the defendants' motions. The district court found that a genuine issue of material fact existed as to what transpired after McCaslin's truck left the road and went over the embankment. Officer Wilkins and the City of Alma appeal.

II.

The doctrine of qualified immunity shields government officials from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The denial of summary judgment does not normally constitute an appealable final order; nonetheless we have jurisdiction to review a district court's denial of a public official's motion for summary judgment based on qualified immunity. Mueller v. Tinkham, 162 F.3d 999, 1002 (8th Cir. 1998) (citing Collins v. Bellinghausen, 153 F.3d 591, 595 (8th Cir. 1998)). Our jurisdiction, however, "is limited to abstract issues of law and does not extend to arguments concerning the sufficiency of the evidence." Id. See also Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Johnson v. Jones, 515 U.S. 304, 313 (1995). Even though our jurisdiction to review "the denial of qualified immunity is limited, 'public officials are permitted to claim on appeal that their actions were objectively reasonable in light of their

4

knowledge at the time of the incident.'" <u>Lyles v. City of Barling</u>, No. 98-2788, slip op. at 5 (8th Cir. 1999) (quoting <u>Mueller</u>, 162 F.3d at 1002).

We review a district court's summary judgment decision de novo, viewing the evidence in the light most favorable to the nonmoving party. <u>Mueller</u>, 162 F.3d at 1002. On issues for which we retain jurisdiction, "[w]e affirm the denial of summary judgment based on qualified immunity if there exists a genuine issue of material fact or the moving party is not entitled to judgment as a matter of law." <u>Id.</u> See also Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

The district court did not extensively discuss the Peterses' affidavits. <u>See</u> <u>McCaslin v. Wilkins</u>, 17 F. Supp.2d 840, 843 nn.4-5 (W.D. Ark. 1998). Nonetheless, we have little doubt that the court's decision to deny summary judgment rests heavily, if not exclusively, on their testimony. <u>See Johnson</u>, 515 U.S. at 319 (noting that when a district court does not state all of the facts underlying its decision, "a court of appeals may have to undertake a . . . review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed"). Officer Wilkins contends that this court has jurisdiction to hear his appeal because the Peterses' version of events does not create a genuine issue of material fact. Key to Officer Wilkins' position is the fact that neither Michael nor Debi Peters saw what transpired after McCaslin left the road. According to Officer Wilkins, the Peterses' testimony reflects "sheer speculation and is directly in opposition to all of the physical evidence, including photographs." (Appellants' Br. at 6.) We lack jurisdiction to consider this argument. <u>See Johnson</u>, 515 U.S. at 313 (holding that a summary judgment order determining "only a question of 'evidence sufficiency,' i.e. which facts a party may, or may not, be able to prove at trial," is not immediately appealable).

Although we lack jurisdiction to consider the sufficiency of the evidence, we retain jurisdiction to consider Officer Wilkins' appeal to the extent he argues that his "actions were objectively reasonable in light of [his] knowledge at the time of the

incident." Mueller, 162 F.3d at 1002. Officer Wilkins is entitled to qualified immunity if his actions were "objectively reasonable in light of clearly established law and the facts known by the officer at the time of his actions." Lyles, No. 98-2788, at 5 (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). The parties do not dispute that Officer Wilkins intended to fire his weapon at McCaslin, and "there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." Tennessee v. Garner, 471 U.S. 1, 7 (1985). See also County of Sacramento v. Lewis, 118 S. Ct. 1708, 1715 (1998) (explaining that a Fourth Amendment seizure occurs "'only when there is a governmental termination of freedom of movement through means intentionally applied'") (quoting Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989)). Relying on Garner, as well as our decision in Cole v. Bone, 993 F.2d 1328 (8th Cir. 1993), Officer Wilkins asserts that his use of deadly force was objectively reasonable. We conclude, however, that a genuine issue of material fact precludes summary judgment on the basis of the alleged reasonableness of Officer Wilkins' actions.

In Garner, the Supreme Court clarified the limitations the Fourth Amendment places on a police officer's use of deadly force to prevent the escape of a fleeing felon. Only if a "suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given." Garner, 471 U.S. at 11-12. We can accept, at least for present purposes, that one or more aspects of the high-speed chase gave Officer Wilkins probable cause to believe that McCaslin was a felon. Under Garner, however, that is not enough. As the district court in this case aptly stated, "How and what transpired after McCaslin's truck went over the embankment is the essence of this case and there remains a genuine issue [of] material fact as to what happened to McCaslin's truck when it went over the embankment and how the officers responded soon after . . . ." McCaslin, 17 F. Supp.2d at 845. In other words, genuine issues of fact exist as to whether McCaslin posed a threat to the officers or others after

he went off the road, and whether force was necessary to prevent his escape. Consequently, we are in no position to assess the reasonableness of the force used.

Officer Wilkins' reliance on our decision in Cole is also misplaced. In that case, an officer used deadly force to stop a renegade truck driver, who was at the time still in the process of fleeing from the police on a busy highway. Cole, 993 F.2d at 1331. We held that the officer's "decision to use deadly force to disable the truck was not objectively unreasonable." Id. at 1333. Hence, as a matter of law the "plaintiffs . . . failed to assert a constitutional violation . . . ." Id. at 1334. In Cole, unlike the present case, there was no dispute regarding what the driver was doing at the time the officer shot and killed him. In other words, we were in a position to assess the objective reasonableness of the officer's conduct. We are in no such position in this case. We hold, therefore, that the district court correctly denied Officer Wilkins' motion for summary judgment on the basis of qualified immunity.

As stated above, our jurisdiction is limited to abstract issues of law as they pertain to Officer Wilkins' claim of qualified immunity. See Mueller, 162 F.3d at 1002. Consequently, we lack jurisdiction to consider the merits of the appellants' remaining arguments. See Mettler v. Whitledge, 165 F.3d 1197, 1202 (8th Cir. 1999).

III.

We affirm the district court's order denying summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

7